**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

17-3430
_____

UNITED STATES OF AMERICA

v.

ISRAEL NAZARIO,
                              Appellant

_____

On Appeal from the District Court
for the Middle District of Pennsylvania
(M.D. Pa. 1-15-cr-00181-010)
Honorable John E. Jones, III, U.S. District Judge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 22, 2018

Before: KRAUSE, COWEN, and FUENTES, *Circuit Judges*

(Opinion filed: November 7, 2018)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Israel Nazario challenges his convictions for narcotics offenses on the ground that the Government withheld evidence from the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). For the reasons stated below, we will affirm.

## I. Background

In August 2015, Nazario was named in an indictment as one of thirteen co-conspirators charged with participating in a drug trafficking organization run by Jose Aviles, Sr. in Lebanon, Pennsylvania.[1] On Sunday, March 26, 2017, in anticipation of the jury trial scheduled to commence about a week later on Monday, April 3, counsel for various co-defendants, including Nazario, filed a motion to compel early disclosure of Jencks Act and *Giglio* material by the Government. The Government opposed that motion on the basis that it was district practice to produce such material on the Friday afternoon before trial, and, consistent with that practice, the Government made its pretrial disclosures on Friday, March 31.[2]

---

[1] The indictment charged Nazario with: (1) conspiracy to distribute heroin, cocaine, cocaine base, and cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), and (b)(1)(A)(iii); (2) possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i); (3) possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii); and (4) possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

[2] The District Court held a telephonic conference on the motion but never issued a ruling.

With those disclosures, Nazario learned that two cooperating co-defendants—his daughter, Geidy Arroyo, and Aviles, Sr.'s son, Aviles, Jr.—were expected to give inculpatory testimony about Nazario's involvement in the drug trafficking organization. The statements by Aviles, Jr. in particular, according to Nazario, contradicted exculpatory testimony that he anticipated eliciting from Aviles, Sr. At trial, Nazario's counsel cross-examined both Arroyo and Aviles, Jr., but counsel did not challenge the timing of the Government's disclosure, nor did he move to sever Nazario's case. Aviles, Sr. ultimately did not testify.

The jury convicted Nazario of conspiracy to distribute heroin, cocaine, cocaine base, and cocaine hydrochloride and possession of heroin, in violation of 21 U.S.C. §§ 846 and 844, and acquitted him on the remaining counts. The District Court sentenced him to 180 months' imprisonment. This appeal followed.

## II. Discussion[3]

Nazario's sole argument on appeal is that the Government violated its *Brady* obligations by not disclosing the incriminating statements of Arroyo and Aviles, Jr. until three days before the commencement of trial. Because Nazario did not properly raise a *Brady* objection in the District Court, we review only for plain error. *See United States v. DeMuro*, 677 F.3d 550, 557 (3d Cir. 2012).

---

[3] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

To prove a *Brady* violation, Nazario must show that "(1) the government withheld evidence, either willfully or inadvertently; (2) the evidence was favorable, either because it was exculpatory or of impeachment value; and (3) the withheld evidence was material." *Lambert v. Blackwell,* 387 F.3d 210, 252 (3d Cir. 2004). He has failed to make those showings.

First, the Government did not withhold evidence from Nazario by disclosing pretrial evidence the Friday before the scheduled commencement of trial. Because *Brady* requires the Government to disclose exculpatory evidence with sufficient notice to enable the defendant to use it, "[n]o denial of due process occurs if *Brady* material is disclosed in time for its effective use at trial." *United States v. Starusko*, 729 F.2d 256, 262 (3d Cir. 1984) (quoting *United States v. Higgs,* 713 F.2d 39, 44 (3d Cir. 1983)). Here, Nazario had the statements three days before trial and had the opportunity to use them at trial, specifically to cross-examine both Arroyo and Aviles, Jr. Additionally, while Nazario contends that "the timing of the Government's disclosure made it impossible for Nazario's counsel to move to sever," Nazario Br. 15, the Federal Rules of Criminal Procedure require only that such a motion be filed "[b]efore [t]rial," Fed. R. Crim. P. 12(b)(3)(D), and authorize a court to consider an untimely motion to sever "if the party shows good cause," *id.* 12(c)(3). Thus, Nazario did have the opportunity to file a motion to sever after the disclosure of the evidence; he simply declined to take it.

Second, the evidence in question did not qualify as *Brady* material because it was not favorable to Nazario. *See Blackwell,* 387 F.3d at 252. Rather, as Nazario concedes, both witnesses offered only inculpatory testimony that Nazario was an instrumental

member of Aviles, Sr.'s drug trafficking conspiracy.[4] Nazario seems to be asserting that the statements of Aviles, Jr. had impeachment value against Aviles, Sr. when he asserts that statements "undermine[d] the testimony of a key witness against him." Nazario Br. 15. However, Aviles, Sr., by Nazario's own account, would have been a key witness *for* him, not against him. Accordingly, the testimony of Arroyo and Aviles, Jr. was neither "exculpatory [n]or of impeachment value." *Blackwell,* 387 F.3d at 252.

Finally, to the extent Nazario argues that the disclosed evidence was material, i.e., that there was a "reasonable probability that, had the evidence been disclosed to [him], the result of the proceeding would have been different," *Simmons v. Beard,* 590 F.3d 223, 234 (3d Cir. 2009) (quoting *United States v. Bagley,* 473 U.S. 667, 682 (1985)), that argument lacks force because Nazario had the information before the commencement of trial yet opted not to sever his case. Moreover, given that the disclosed testimony was offered as "direct evidence of Nazario's involvement" in the drug trafficking organization, Gov't Br. 17, there was no "reasonable probability" that, by its disclosure, Nazario was at risk of unfair prejudice due to the jury's inability to compartmentalize evidence incriminating one of his co-defendants, or even if there were, that Nazario would have been entitled to a separate trial on that basis, *see United States v. Hart*, 273 F.3d 363, 370 (3d Cir. 2001) (motion to sever not warranted where co-defendants "were

---

[4] At trial, Arroyo in fact testified, *inter alia*, that Nazario told her that "the organization would be dealing bundles here and there if it wasn't for him," JA 109, and Aviles, Jr. testified, *inter alia*, that he had personally seen Nazario "bring the drugs out to Lebanon[, Pennsylvania]," JA 68-71.

5

charged under the same conspiracy, [because] acts committed by one in furtherance of the conspiracy were admissible against the other").

## III. Conclusions

For the foregoing reasons, we will affirm the District Court's judgment of conviction and sentence.